IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYDIA PETRAKIS, | AT LAW AND IN ADMIRALTY |
| Plaintiff, | No. |
| v. | **COMPLAINT FOR DAMAGES** |
| CLIPPER NAVIGATION, INC., *in personam* d/b/a VICTORIA CLIPPER V *in rem*, a Washington corporation; CAPTAIN CABELL "KIT" CARR; ECLIPSE SHIPPING CO., LTD., a foreign corporation; and FRS HELGOLINE GMBH & CO., KG, a foreign corporation; and JOHN DOE BUSINESS ENTITIES I-V; jointly and severally, | JURY TRIAL DEMANDED |
| Defendants. | |

COMES NOW the Plaintiff, LYDIA PETRAKIS, by and through her attorney of record, Cydney Campbell Webster of GLP Attorneys, P.S., Inc., and for a claim for relief in common law and admiralty, alleges as follows:

**COMPLAINT FOR DAMAGES - 1**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

# I. JURISDICTION

1.1 This is a claim for relief brought by a Plaintiff, LYDIA PETRAKIS, against a vessel and owners and/or operators of a vessel for personal injuries sustained while boarding said vessel. Jurisdiction is vested in the Court by virtue of the general maritime law, 28 USC § 1333; the Jones Act, 46 USC § 688, et. seq.

1.2 Per Rule 9.4 set forth in Clipper Navigation, Inc.'s Terms and Conditions, the general maritime law of the United States is the governing law. Rule 9.4 states in relevant part:

> This contract is issued at Seattle, Washington and will be construed in accordance with the general maritime law of the United States.

# II. PARTIES & VENUE

2.1 At all times material hereto, Plaintiff LYDIA PETRAKIS was a citizen of the United States and a ticketed passenger boarding the VICTORIA CLIPPER V, a common carrier vessel traveling to Seattle, Washington from Victoria, Canada.

2.2 At all times material hereto, Defendants CLIPPER NAVIGATION, INC. AND ECLIPSE SHIPPING CO., LTD. were the owners and/or operators of the VICTORIA CLIPPER V.

2.3 At all times material hereto, CAPTAIN CABELL "KIT" CARR was the captain of the vessel on the day of the injury and upon information and belief is believed to be an agent and/or employee of CLIPPER NAVIGATION, INC and resides in Freeland Washington.

**COMPLAINT FOR DAMAGES - 2**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

2.4     At all times material hereto, Defendant CLIPPER NAVIGATION, INC. was a Washington incorporated company operating and doing business in the State of Washington and in King County.

2.5     CLIPPER NAVIGATION, INC.'s registered agent for service of process is MENHV, INC., 600 University Street, Ste. 2700, Seattle, WA 98101.

2.6     At all times material hereto, Defendant ECLIPSE SHIPPING CO., LTD. was a foreign company incorporated in Cyprus, operating and doing business in the State of Washington and in King County. ECLIPSE is located in Germany.

2.7     At all times material hereto, Defendant FRS HELGOLINE GMBH & CO. KG was a foreign company incorporated in Germany, operating and doing business in the State of Washington and in King County. FRS is located in Germany.

2.8     Defendants JOHN DOE BUSINESS ENTITIES I-V, on information and belief, were Washington corporations or doing business in Washington at all times relevant and material to this Complaint. Fictitious Defendants JOHN DOES BUSINESS ENTITIES I-V, whose true names and capacities are unknown to Plaintiff and are believed to have had supervision, control and vicarious liability over Defendant CAPTAIN CARR and responsibility for the actions of employees of the Victoria Clipper regarding providing safe egress and access to the Victoria Clipper for disabled and wheelchair bound passengers. Said Defendants are designated fictitiously herein. Plaintiff reserves the right to amend the

**COMPLAINT FOR DAMAGES - 3**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

Complaint herein, if necessary, and to designate the names of said unknown Defendants and intends that said amendments relate back to the filing of this Complaint.

2.9 The choice of venue is compliant with Rule 9.4 set forth in Clipper Navigation, Inc.'s Terms and Conditions, which states in relevant part:

> All disputes and matters whatsoever arising under, in connection with, or incident to this contract shall be litigated, if at all, before the United States District Court for the Western District of Washington at Seattle, or in the courts of the State of Washington, U.S.A., to the exclusion of the courts of any other state or country.

### III. CLAIM FOR RELIEF

3.1 Plaintiff restates paragraphs 1.1-2.9.

3.2 On August 11, 2019, Plaintiff was a ticketed passenger boarding the VICTORIA CLIPPER V in Victoria, Canada, traveling to Seattle, Washington.

a. Plaintiff entered the special holding area to obtain wheelchair assist because Plaintiff was in a wheelchair.

b. An employee of the VICTORIA CLIPPER V, vessel master Captain Calleb Carr, offered to assist Plaintiff with boarding.

c. There was a ramp leading down toward a floating dock. Captain Carr asked Plaintiff if she wanted to go down the ramp backward. Plaintiff responded affirmatively as that is the proper way to be assisted down a ramp.

d. Captain Carr rotated her wheelchair to back down the ramp and positioned himself behind Plaintiff to assist.

**COMPLAINT FOR DAMAGES - 4**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

  e. Captain Carr, who was behind Plaintiff, and holding the wheel chair to assist, began rolling the wheelchair down the ramp.

  f. Captain Carr lost control of the wheelchair caused Plaintiff's wheelchair fell backward onto the ramp.

  g. As a result of being dropped, Plaintiff's head and back hit the ramp.

3.3 As a direct result of the negligence and/or the unseaworthiness of the vessel, Plaintiff received severe, traumatic, permanent and disabling personal injuries, including but not limited to a concussion, and injuries to her neck, back, shoulders, and arms.

## IV. COMMON LAW NEGLIGENCE AND/OR GENERAL MARITIME LAW

4.1 <u>Duties of CLIPPER NAVIGATION, INC., CAPTAIN CARR, ECLIPSE SHIPPING CO., LTD., FRS HELGOLINE GMBH & CO., KG, and their Employees</u>: On the date of the alleged occurrence, the Victoria Clipper V vessel and its employees were under the ownership, control, supervision, management, care, and maintenance of Defendants CLIPPER NAVIGATION, INC., ECLIPSE SHIPPING CO., LTD., and FRS HELGOLINE GMBH & CO., KG. By and through their agents, servants, and employees, Defendants owed Plaintiff a duty to exercise a reasonable standard of care for its passengers, including but not limited to the following:

  a) Provide safe means of ingress and egress for wheel chair bound passengers between the holding area and the vessel;

**COMPLAINT FOR DAMAGES - 5**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

  b) To provide appropriate and safe assist for wheelchair bound passengers including maintaining control of the wheelchair during the assist;

  c) Provide a sufficient and competent crew;

  d) Have policies and procedures for all crew members in place for the safe boarding of wheelchair bound passengers; and

  e) Properly train all employees and crew members on how to safely assist wheelchair bound passengers.

4.2 <u>Breach</u>:  Defendants breached their duties as set forth in paragraphs 3.2 through 4.1.

4.3 <u>Proximate Cause</u>:  As a direct and proximate cause of Defendants' breach of their duties as set forth in paragraphs 3.2 through 4.1, Plaintiff Lydia Petrakis has suffered personal injuries.

## V. <u>JONES ACT CLAIMS</u>

5.1 Plaintiff restates paragraphs 1.1-4.3.

5.2 All Defendants were negligent, as were the officers, agents, and employees acting on its behalf by reason of, including but not limited to: failure to provide a safe means of boarding; failure to provide a sufficient and competent crew; failure to provide necessary assistance; failure to keep control of the wheelchair during the assist for boarding the vessel; failure to provide necessary and timely medical assistance; failure to have policies and procedures in place for the safe boarding of wheelchair bound passengers.

**COMPLAINT FOR DAMAGES - 6**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

5.3     Defendants, and all persons acting on their behalf, failed to provide Plaintiff with a safe means of boarding the vessel, including but not limited to all of the above.

5.4     Plaintiff was not contributorily negligent and did not cause or contribute to the cause of her injuries nor did she assume any of the risk of her injuries.

## VI. UNSEAWORTHINESS

6.1     Plaintiff restates paragraphs 1.1-5.4.

6.2     For additional cause of action against all Defendants, Plaintiff alleges Defendants' vessel was unseaworthy at the time and place of Plaintiff's injuries and was not reasonably fit for passengers.

6.3     The unseaworthiness of the vessel included but is not limited to: failure to provide a safe means of boarding; failure to provide a sufficient and competent crew; failure to provide necessary assistance; failure to keep control of the wheelchair during the assist for boarding the vessel; failure to provide necessary and timely medical assistance; failure to have policies and procedures in place for the safe boarding of disabled passengers.

6.4     Defendants were in violation of minimum accessibility standards established by applicable codes and regulations with respect to providing safe means of boarding for disabled passengers, and this was a cause of Plaintiff's injuries. A combination of these items, and each of them, rendered the VICTORIA CLIPPER V unseaworthy at the time and place of Plaintiff's injuries.

**COMPLAINT FOR DAMAGES - 7**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

6.5   Plaintiff further alleges that at the time and place of her injuries, Plaintiff was not contributorily negligent and did not cause or contribute to the cause of her injuries nor did she assume any of the risk of her injuries.

6.6   As a result of the injuries sustained by Plaintiff, Plaintiff has suffered substantial and debilitating personal injuries including pain, mental anguish, psychological injury, wage loss, future pain and suffering, and loss of enjoyment of life. Plaintiff sues herein as further claimed in Plaintiff's prayer below for recovery for all such personal injuries and wage loss, including prejudgment interest on any award entered in this proceeding.

## VII.   JURY DEMAND

7.1   Plaintiff restates paragraphs 1.1 – 6.2.

7.2   Pursuant to Federal Rule of Civil Procedure 38(c), Plaintiff demands a trial by jury.

**COMPLAINT FOR DAMAGES - 8**

**GLP ATTORNEYS, P.S., INC.**
**ATTORNEYS AT LAW**
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640

## VIII. PRAYER

Plaintiff prays for the following relief:

8.1   For judgment against Defendants in an amount to be proven at trial for general and special damages;

8.2   For prejudgment and post-judgment interest;

8.3   For the reasonable costs of maintaining this suit;

8.4   For reasonable attorneys' fees;

8.5   For an award to Plaintiff of any other relief this Court deems equitable or just.

DATED THIS 7th day of February, 2020, at Seattle, Washington.

GLP ATTORNEYS, P.S., INC.

_____
Cydney Campbell Webster, WSBA #23140
Attorney for Plaintiff Petrakis

COMPLAINT FOR DAMAGES - 9

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
2601 FOURTH AVENUE, FLOOR 6
SEATTLE, WA 98121
(206) 448-1992
FACSIMILE (206) 448-4640